IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM DAVID LADUCA,

    Petitioner,                      No. CIV S-05-1995 FCD DAD P

    vs.

C.M. HARRISON, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus attacking his Sutter County conviction. The petition was lodged in the United States District Court for the Central District of California on June 24, 2005, and was transferred to the Eastern District of California on September 7, 2005.

        On December 6, 2005, respondent moved to dismiss this action on the grounds that it has been filed beyond the one-year statute of limitations and that petitioner failed to exhaust available state remedies on any of his claims. Pursuant to this court's order issued on November 9, 2005, petitioner was required to file and serve his opposition or a statement of non-opposition to the motion within thirty days after it was served. (Order filed Nov. 10, 2005, at 3.) More than thirty days have elapsed, and petitioner has not responded to the motion or requested an extension of time to do so.

PROCEDURAL HISTORY

Petitioner identifies the conviction at issue as Sutter County case number CRF97-2018. He alleges that on July 2, 1996, he entered a plea of guilty to a charge of aggravated assault on a child and was sentenced on April 27, 1998, to a state prison term of 15 years to life. (Pet. at 2.) Petitioner alleges that he did not understand his right to appeal because he was "under heavy doses of medication and just came to realization that case was fightable." (Id. at 3.) Petitioner seeks relief on five grounds: (1) wrong plea; (2) time served on priors; (3) stating intent without support; (4) misleading commentary; and (5) misrepresentation by counsel. (Id. at 5-6.) Petitioner affirmatively alleges that he did not raise these claims on direct appeal and did not present them to the California Court of Appeal or the California Supreme Court in a habeas petition. (Id.)

Respondent asserts that petitioner is confined pursuant to the judgment of the Sutter County Superior Court in case number CRF97-2018, imposed on April 27, 1998, after a jury convicted petitioner of violating California Penal Code § 269(a)(1), aggravated sexual assault of a child under fourteen. (Resp't's Mot. to Dismiss at 1.) Respondent offers evidence that petitioner filed three state habeas petitions in the trial court: the first petition, filed on March 1, 2005, was denied on March 3, 2005; the second petition, filed on May 5, 2005, was denied on May 9, 2005; and the third petition, filed on June 13, 2005, was denied on June 21, 2005. (Id. at 2 & Lodged Docs. 2-7.) Respondent also offers evidence that petitioner had made no filings with the California Supreme Court as of November 29, 2005. (Id. at 5 & Lodged Doc. 8, Decl. of Joseph Cornetta.)

The abstract of judgment for Sutter County Superior Court case number CRF97-2018 reveals that petitioner's crime was committed in 1997 and that petitioner was convicted on March 30, 1998, of aggravated rape of a victim under the age of fourteen. The abstract shows that petitioner was convicted, by plea rather than by jury, of a violation of California Penal Code § 269(a)(1). (See Resp't's Lodged Doc. 1.)

ANALYSIS

I. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

In the present case, petitioner admits that he has not presented his claims to the California Supreme Court, either on direct appeal or in a habeas petition, and respondent has not waived the exhaustion requirement. In the absence of any exhausted claim, the district court is required to dismiss petitioner's federal habeas petition. See Jimenez v. Rice, 276 F.3d 478, 481-82 (9th Cir. 2001); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).

II. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was filed in 2005, the AEDPA period of limitation is applicable.

For most state prisoners, the one-year period of limitation begins to run when the prisoner's judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). In this case, petitioner has not asserted and it does not appear that any other provision of § 2244(d)(1) is applicable. Judgment was entered in petitioner's case on April 27, 1998, and became final sixty days later, on June 26, 1998, upon expiration of the time for filing an appeal. See Cal. Rules of

Ct. 31 (prior to amends. effective Jan. 1, 2004). Accordingly, the AEDPA statute of limitations began to run for petitioner on June 27, 1998.

The statute of limitations expired one year later, on June 26, 1999, unless petitioner is entitled to the benefit of the tolling provisions. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled, however, during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, petitioner's first state habeas petition was mailed to the Sutter County Superior Court on February 22, 2005, more than five years after the statute of limitations expired on June 26, 1999. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). The state habeas petitions filed by petitioner in 2005, long after the statute of limitations had already expired, do not entitle petitioner to statutory tolling of the one-year period of limitation.

Petitioner's federal habeas petition, which is undated and does not include a proof of service, was lodged in federal court on June 24, 2005, almost six years after the statute of limitations expired on June 26, 1999. This action is therefore barred by the statute of limitations.

III. Equitable Tolling

The doctrine of equitable tolling has been applied in cases where a party was prevented from asserting a claim by wrongful conduct on the part of the opposing party or where extraordinary circumstances beyond the party's control made it impossible for him to file a claim on time. Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996).

The AEDPA statute of limitations is subject to equitable tolling, but "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1814 & n.8 (2005). Equitable tolling will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

The petitioner in the present case alleges that he did not appeal his conviction because he did not understand his right to appeal, was "under heavy doses of medication," and "just came to realization that case was fightable." (Pet. at 3.) Petitioner offered this allegation to explain his failure to file an appeal during the sixty-day period that followed his sentencing on April 27, 1998. Petitioner's conclusory allegation does not demonstrate or even suggest that extraordinary circumstances existed continuously during the years that elapsed between June 26, 1998, when petitioner's judgment became final, and February 22, 2005, when petitioner mailed his first state habeas petition to the trial court. Nor has petitioner made any showing that he pursued his rights diligently during that time. The undersigned finds that petitioner is not entitled to equitable tolling of the statute of limitations. This action is time-barred and should be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 6, 2005 motion to dismiss be granted; and

2. This action be dismissed with prejudice because the petition presents only unexhausted claims and was filed beyond the one-year statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
ladu1995.mtd